UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| DUAMEL SANTIAGO-RAMOS, et al., | |
| Plaintiffs, | Civil No. 11-1987 (JAF) |
| v. | |
| AUTORIDAD DE ENERGIA ELECTRICA, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Pending before the court is a "Motion to Disqualify" this judge filed by Defendant, the Autoridad de Energía Eléctrica ("PREPA").[1]  (Docket No. 29.)  Plaintiffs oppose. (Docket No. 30.)

Case law in this circuit makes it perfectly clear that recusal motions must be filed in a timely fashion.  In re Lupron Marketing & Sales Practices Litigation, 677 F.3d 21, 37 (1st Cir. 2012) ("Litigants must raise a claim for disqualification of a district court judge after learning of the grounds for disqualification, and certainly may not wait and see how the court rules before acting.").  This rule has been affirmed again and again in this circuit and others.  In re Abijoe Realty Corp., 943 F.2d 121, 126 (1st Cir. 1991) ("a party, knowing of a ground for requesting disqualification, cannot be permitted to wait and decide whether he likes subsequent treatment that he receives.") (quoting In Re United Shoe Machinery Corp.,

---

[1] Defendant brings its Motion to Disqualify pursuant to 28 U.S.C. § 455.[1]  (Docket No. 29.)  Under relevant First Circuit case law, recusal is appropriate when the facts asserted "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality."  In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001) (quoting In re United States, 666 F.2d at 695 (1st Cir. 1998)).

Civil No. 11-1987 (JAF)                                                                                          -2-

276 F.2d 77, 79 (1st Cir.1960)); see also United States v. Owens, 902 F.2d 1154, 1156 (4th Cir.1990) ("[o]ne must raise the disqualification of the . . . [judge] after knowledge of the facts.") (internal quotations and citation omitted)); accord Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326, 333 (2d Cir. 1987) ("It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.") (citations omitted); Phillips v. Amoco Oil Co., 799 F.2d 1464, 1472 (11th Cir.1986) ("Counsel, knowing the facts claimed to support a § 455(a) recusal for appearance of partiality may not lie in wait, raising the recusal issue only after learning of the court's ruling on the merits."); Oglala Sioux Tribe v. Homestake Mining Co., 722 F.2d 1407, 1414 (8th Cir.1983) (holding that recusal motion waived on appeal if not raised at district court); Giannetta v. Boucher, No. 92–1488, 1992 WL 379416, at *6 (1st Cir. Dec. 22, 1992) (per curiam) (same).

The fact that this judge has a pending personal injury claim against PREPA since August 10, 2011, a fact known to PREPA since the present totally-unrelated litigation was commenced, fails to suggest that this court is biased against PREPA or that it will not fairly respect PREPA's interest. PREPA is present in the life and personal circumstances of each resident of Puerto Rico, and one could easily make an argument for recusal solely based on that.

Instead of bringing a timely motion when it knew of the basis for recusal, Defendant waited more than a year to bring its motion. (Docket No. 29.)  In fact, Defendant brought this motion for recusal only after this court issued a 26-page Order and Opinion denying

Civil No. 11-1987 (JAF)                                                                 -3-

most of Defendant's motion to dismiss. (Docket No. 28.) In the wake of that Opinion and Order, Defendant now admits that its "exposure is potentially enormous." (Docket No. 29 at 6.)

We reiterate that Defendant's failure to raise its recusal motion in a timely fashion likely waives the argument. In re Lupron Marketing & Sales Practices Litigation, 677 F.3d at 37. Nevertheless, out of an abundance of caution, I will recuse myself from this case and allow another judge to preside over it.

For the foregoing reasons, Defendant's motion, (Docket No. 29), is hereby **GRANTED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of October, 2012.

                                                  s/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  United States District Judge