IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DUAMEL SANTIAGO-RAMOS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AUTORIDAD DE ENERGIA ELECTRICA DE P.R., ET AL., <br><br> Defendants. | CIV. NO.: 11-1987(JAG/SCC) |

**REPORT AND RECOMMENDATION**

Defendant Autoridad de Energia Electrica de Puerto Rico ("AEE") seeks summary judgment in this putative class action on the basis of claim preclusion. Docket No. 59. The presiding district judge referred the motion to the undersigned for a report and recommendation, Docket No. 80, and we now recommend that the motion be denied.

### I. Factual Background

The facts that follow are drawn from AEE's statement of uncontested material facts ("AEE's Statement"), Docket No. 60,

Plaintiffs' opposition thereto ("Plaintiffs' Opposition Statement"),[1] Docket No. 64, and AEE's reply ("AEE's Reply Statement"), Docket No. 72.

In this case, Plaintiffs allege two putative classes. First is "Class A," which is made up of "[a]ll individuals who have been billed a fuel adjustment charge by" AEE. AEE's Statement, ¶ 1. Class A is made up of more than a million consumers who have paid the fuel surcharge which, they allege, is used to pay subsidies to churches, charities, and political subdivisions of the state. *Id.* Second is "Class B," which is made up of "[a]ll consumers of electricity" that have purchased

---

1. We wish to note that Plaintiffs' opposition statement is in many ways deficient and has caused the Court to waste a great deal of its time. The opposition seems to been hastily—perhaps lazily—written, and many of its objections are incomprehensible. Some section headings are bolded while others are not, making it almost impossible to browse quickly, as the reader cannot rely on any regular typographical guideposts. Much more confusingly, the opposition integrates a counterstatement of facts, but rather than append this counterstatement at the end, it interposes the new facts into the opposition seemingly at random. And these interposed counter-facts almost uniformly fail to comply with our Local Civil Rules; some are conclusory statements of law, and only two are actually supported by record citations. Though we consider the opposition to the extent that it is useful, Plaintiffs' attorneys should know that much more is expected from them in terms of diligence and effort.

SANTIAGO-RAMOS v. AEE                                                          Page 3

electricity while "paying higher tariffs than those provided to agricultural consumers, or a[t] the best commercial rate as determined by the proof or the jury."[2] *Id.* In the state case that AEE believes precludes the current lawsuit, the class was defined as follows: "all of the customers of [AEE], the consumers of said electricity, which, since 1990, and up to the present, have been charged excessive and/or illegal charges as detailed in the different causes of action listed in the complaint." *Id.* ¶ 1.[3] The state court complaint primarily concerned alleged

---

2. Notably, the single class that Plaintiffs now seek to certify matches neither of these precisely. *See* Docket No. 68, at 4 (defining the proposed class to be certified). Indeed, "Class B" seems to have been abandoned entirely. *See id.*

3. AEE's Statement contains two paragraphs numbered "1"; Plaintiffs seem not to have noticed, and their paragraph "2" corresponds to AEE's second paragraph "1." Throughout, we've used the numbers that the parties statements use, even though they often don't match.

overbilling from the adjustment charge.[4] *Id.* ¶ 2.[5]

AEE is a public corporation that has a monopoly on the Puerto Rican electrical market. *Id.* ¶ 6. In all of the relevant years, AEE has had at least one million customers; currently, it has 1.4 million. *Id.* ¶¶ 4–5. Plaintiffs are AEE's customers. *Id.* ¶ 5. AEE's bills include adjustment charges for the purchase of fuel and energy. *Id.* ¶ 8.  AEE charges its customers for all of the fuel it uses to produce the total amount of energy that it generates as well as for the energy that it purchases from co-generation plants. *Id.* ¶¶ 10–11. The rates charged to AEE's customers are controlled by statute. *Id.* ¶ 9. There are at least six major categories of AEE customers, and AEE charges different rates to different customers depending on their category. *Id.*

---

4. Plaintiffs attempt to oppose this proposed fact, and many others, because, they say, the state court opinion on which they are based lack a seal, as required by statute. *See* 28 U.S.C. § 1738. But of course the exhibits lack seals: they are all English-language translations of Spanish-language original documents. The Spanish-language originals, which AEE filed in response to Plaintiffs' objection, all have the seal. *See* Docket Nos. 71-1 to 71-4. All of Plaintiffs' objections on these grounds are therefore denied.

5. We leave out the language in AEE's proposed fact that alleges that these allegations are generally the same as those made in this case, first, because that's the ultimate issue before us, and second, because, as we note below, we disagree.

¶¶ 16–18.[6]

## II. Summary Judgment Standard

A motion for summary judgment will be granted "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is in genuine dispute if it could be resolved in favor of either party, and it is material if it potentially affects the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden may be satisfied by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . . . or other materials." FED. R. CIV. P. 56(c)(1)(A). The movant may also point to a lack of evidence supporting the nonmovant's case. *See* FED. R. CIV.

---

6. Plaintiffs make the following objection to these and several other proposed facts: "Denied as evidence no discovery of affidavit from PREPA to support allegation." The objection is incomprehensible, unelaborated upon, and rejected.

P. 56(c)(1)(B); *see also Celotex*, 477 U.S. at 325. Once the movant makes a preliminary showing that no genuine issues of material fact exist, "the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy [dispute]." *Clifford v. Barnhart*, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted); *see also* FED. R. CIV. P. 56(c)(1).

In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

### III. Analysis

AEE makes two basic arguments in favor of its motion. First, it argues that issue preclusion applies with regard to claims of "overbilling due to the adjustment clause," which, they say, "ha[ve] already been thoroughly litigated at the state level." Docket No. 59, at 11. Second, AEE argues that claim preclusion prevents the parties from re-litigating the matter of class certification, which has already been denied in state court, because "[t]he class composition is the same." *Id.* at 18. Both of

| SANTIAGO-RAMOS v. AEE | Page 7 |
|---|---|

these arguments fail.[7]

### A. The federal lawsuit is not about "overbilling."

AEE's primary argument is that this lawsuit is precluded because a putative class action against AEE charging overbilling in the fuel surcharge has already been filed and failed in state court. This argument fails, however, because no matter how many times AEE says otherwise, the subject matter of the two lawsuits are not the same. A cursory comparison of the complaint in this case and opinion denying certification in the state case shows how false AEE's suggestion is.

As described by the state court, the plaintiffs in that case alleged that while AEE is "authorized to charge reasonable rates to its customers," it has charged fuel and energy adjustment charges that "are illegal and do not coincide with and largely exceed the real cost of the fuel used to generate the energy." Docket No. 59-1, at 2–3. The state court then enumerated the eleven specific causes of action that the plaintiffs there were alleging, each of which dealt with the manner in which

---

7. Issue preclusion "bars the relitigation of a fact essential to the judgment in a previous litigation." *Dorpan, S.L. v. Hotel Melia, Inc.*, 851 F. Supp. 2d 398, 404 (D.P.R. 2012). Claim preclusion, by contrast, "prohibits parties from litigating any claim that was, or could have been, litigated in [an earlier] matter." *Id.* at 407.

the energy and fuel adjustment charges were calculated and their amount; in essence, the allegations charge that the manner in which AEE calculates and charges for these adjustments violates *state law*. *Id.* at 3–4.

The federal lawsuit is different in a fundamental way. It is true that Plaintiffs allege that the surcharges are inflated, *see, e.g.*, Docket No. 28, at 4, but that is not central to their remaining causes of action. Instead, Plaintiffs claims are centered around the allegedly unconstitutional manner in which the surcharges are used once collected; as this Court previously characterized Plaintiffs' claims, they "allege that [AEE] compels them to pay for a fuel adjustment charge that subsidizes political or partisan activity to which they object." *Id.* at 8. In this sense, the amount of the charges, or whether they are calculated according to a valid formula, is entirely irrelevant.[8] If the charges were calculated according to state law—as the

---

8. This is true even of Plaintiffs' takings and due process claims. As the Court previously noted, the takings claim does go to the manner in which the charge is calculated, but part of the objection to that calculation is to the allegedly unconstitutional ideological subsidies that AEE customers are forced to pay. *See* Docket No. 28, at 17. Similarly, their procedural due process claims are aimed at stopping "a deprivation of their freedom to refrain from supporting political or religious associations with which they disagree." *Id.* at 20.

SANTIAGO-RAMOS v. AEE                                                    Page 9

state lawsuit claimed they were not—but their proceeds were used to fund religious and political organizations, Plaintiffs' claim would be no less strong than if the charges were wildly inflated. None of the causes of action in the state lawsuit, moreover, were concerned with the manner in which AEE used the surcharges once they were collected. Accordingly, we reject AEE's arguments that the subject matter of these two suits are the same, and we find that the issue of class certification related to such claims has never been previously litigated.[9] We recommend that the motion for summary judgment be denied on these grounds.

### B. The state court's analysis of class membership has no obvious relevance to this lawsuit.

According to AEE, the class certification matter was fully litigated before the state court, and it cannot now be relitigated because here we have "the same, exact member composition."

---

9. We forcefully reject, moreover, the notion, repeatedly put forth by AEE, that this is the state lawsuit "dressed in several constitutional trappings." Docket No. 59, at 2. According to AEE, Plaintiffs here are "basically alleging that [AEE] overcharged them for their power consumption." *Id.* As we note above, however, overcharges are beside the point. The claims here are different in a significant way, one that easily defeats AEE's invocation of preclusion principles.

SANTIAGO-RAMOS v. AEE                                                Page 10

Docket No. 59, at 8. And indeed, in the state lawsuit, the court concluded that the class could not be certified, primarily because the proposed class failed to meet the commonality requirement. *See* Docket No. 59-1, at 30. It is this same requirement on which AEE's motion is focused. *See* Docket No. 59, at 18 ("The state Court . . . found the class representatives inadequate, which is a remediable defect. The issue of class *commonality*, however, was and is impossible to resolve . . . .").

The state court, however, considered the commonality of the proposed class in the context of the claims being made in that court, which, as we've said, were significantly different from those being made here. This is important, because the commonality requirement relates to whether "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). Such an analysis cannot be undertaken independently, without regard to the claims being made by the proposed class, and a class that is uncommon for the purposes of certain claims may be sufficiently common with regard to other claims. That this is true in this specific case is obvious after looking closely at the state court's opinion.

According to the state court, the commonality problem on which the proposed class foundered was that the plaintiffs

failed to show that the proposed class members all "ha[d] been adversely affected by the alleged overbilling." Docket No. 59-1, at 30. Indeed, the court noted that with respect to certain of the proposed class members, the plaintiffs had failed to show that they had been adversely affected at all. *Id.* at 31. In reaching this conclusion, the court relied on AEE's expert's testimony that because there were some 149 different groups of AEE customers, any billing formula would affect each group in a different way. *Id.* The court even implied that the relief the plaintiffs requested would benefit some class members while hurting others. *Id.*

Frankly, this analysis is largely irrelevant to the case now before us. The state court focused on whether the proposed class members had been "adversely affected by the alleged overbilling." *Id.* at 30. As we've said, though, that's not the relevant inquiry in this case; instead, we must look at whether the proposed class members—AEE customers who have paid the fuel surcharge—have been adversely affected by the manner in which the funds raised by that surcharge have been used. AEE relies much on the state court's finding that there were 149 different groups of AEE customers. We note, however, that this number comes from AEE's state-court expert's

report, which arrived at the number by looking at the manner in which each group is billed. *See* Docket No. 59-7, at 5–6 ("I was able to determine that electricity consumers in Puerto Rico fall into at least 149 distinctly different groups. Each of these groups is charged for electricity according to the same set of calculations *within each group, and each group's billing calculations is different from that in every other group.*" (emphasis added)). But the manner of billing is not relevant to the claims in this case so long as each customer pays the fuel adjustment charge—a defining characteristic of the proposed class—and each is also adversely affected by that payment. Perhaps they are not each adversely affected, but the analysis performed by the state court cannot tell us that,[10] and so we will have to proceed on our own. For this reason, the motion for summary judgment should be denied on this ground as well.

## IV.   Conclusion

No matter how much AEE wishes it were otherwise, this case is distinct in an important way from those previously filed

---

10. The state court also determined that the class representatives failed the requirements of typicality and adequate representation. Docket No. 59-1, at 32–35. However, the court's analysis of these requirements was heavily informed by its commonality determination, and so those analyses are also irrelevant here.

before the state courts. This case primarily concerns the *use* of fuel adjustment charges, not their *collection*. For that reason, moreover, the commonality findings made by the state judge, which focused on the differences in the way the charges were collected from various groups of customers, have no obvious relevance to the certification of a class in this lawsuit. As such, we RECOMMEND that the motion for summary judgment, Docket No. 59, be DENIED. The presiding district judge has also referred to the undersigned the pending motion for class certification. A hearing on that motion is set for February 11, 2014, at 9:15 a.m., before the undersigned. As the motion has been pending since August 2013, and the parties have had a substantial time in which to prepare, the hearing will not be continued.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. No extensions of time will be allowed. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 9th day of January, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE