IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DUAMEL SANTIAGO-RAMOS, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> AUTORIDAD DE ENERGIA ELECTRICA DE P.R., ET AL., <br><br> Defendant. | CIV. NO.: 11-1987(JAG/SCC) |

**SUPPLEMENT TO THE REPORT AND
RECOMMENDATION FILED AT DOCKET NO. 90**

On January 9, 2014, we issued a report and recommendation recommending that Defendant AEE's motion for summary judgment, Docket No. 59, be denied. Docket No. 90. We stand by our previously-recommended holding that AEE's motion be denied because the preclusion principles on which it relies are inapplicable to this case, which is premised on claims "distinct in an important way from those previously filed before the state courts." Docket No. 90, at 13–14. Nonetheless, we file this

supplement because a case from the United States Supreme Court has recently come to our attention, and its holding strongly suggests that AEE's motion is deficient in ways not previously noted. As such, we describe that case, and its apparent applicability here, so that the parties can have an opportunity to comment on it before objections to our report and recommendation are due.

## I. The *Smith* Case

In *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011), the Supreme Court considered two class actions filed on the same subject by two different named parties. *See id.* at 2373. One suit was filed in West Virginia state court and the other proceeded in federal court. *Id.* at 2373–74. The federal court was the first to decide the issue of class certification, which it denied. *See id.* at 2374. But the federal court went further: applying an exception to the Anti-Injunction Act (the "AIA") that incorporates principles of preclusion law, it enjoined the West Virginia class certification proceedings. *See id.* The Supreme Court unanimously reversed, vacating the injunction, *id.* at 2382; the two rationale's for the Court's decision both implicate our case.

### A. The state- and federal- court proceedings do not obviously concern the "same issue" for the purposes of *Smith*.

It is first of all worth noting that *Smith*, though decided under the AIA, is in a significant sense a case about preclusion. As the Court recognized, the district court had issued its injunction pursuant to an exception to the AIA that "is designed to implement 'well-recognized concepts' of claim and issue preclusion." *Id.* at 2375 (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)); *see also id.* at 2376 n.6 (noting that the decision rested "on the Anti-Injunction Act *and the principles of issue preclusion that inform it*").[1] With that in mind, the Court began its analysis by looking at whether the federal court's decision denying class certification and the state court's enjoined certification decision were sufficiently the same for the purposes of preclusion. *Id.* at 2376 (noting that for preclu-

---

1. And, indeed, courts have been quick to apply *Smith* outside of the AIA context. *See, e.g., Quicken Loans Inc. v. Alig*, 737 F.3d 960 (4th Cir. 2013); *Day v. Persels & Assocs., LLC*, 729 F.3d 1309 (11th Cir. 2013); *CMH Homes, Inc. v. Goodner*, 729 F.3d 832 (8th Cir. 2013); *In re Vertrue Inc. Mktg. & Sales Practices Litig.*, 719 F.3d 474 (6th Cir. 2013); *Smentek v. Dart*, 683 F.3d 373 (7th Cir. 2012); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012).

sion to apply, "the issue the federal court decided must be the same as the one presented in the state tribunal"). The Court noted that they might not be, because the two courts might apply different legal standards: "[t]he District Court ruled that the proposed class did not meet the requirements of Federal Rule 23 . . . . But the state court was poised to consider whether the proposed class satisfied *West Virginia* Rule 23." *Id.* at 2377. According to the Court, "[i]f those two legal standards differ . . . then the federal court resolved an issue not before the state court." *Id.*

To determine whether those two standards differed, the Court began by looking at textual similarities between the relevant rules, but it noted that if identical language is interpreted differently by the two courts, the issue cannot be deemed the same. *Id.* ("If a State's procedural provision tracks the language of a Federal Rule, but a state court interprets that provision in a manner federal courts have not, then the state court is using a different standard and thus deciding a different issue."). On the other hand, "if state courts have made crystal clear that they follow the same approach as the federal court applie[s]," there is "no need to ignore that determination" and "the issues in the two cases would indeed be the same." *Id.*

In *Smith*, the Court decided that the two standards were different. First, it noted that West Virginia had declared its independence from federal case law, and so, "absent clear evidence that" the state courts "tracked the analysis the federal court used," the Court "could not conclude that" the two courts "would interpret their Rule in the same way." *Id.* at 2378. Furthermore, the Court noted that the state court *actually* applied a different analytical framework than that applied by the federal court. *Id.* Thus, the two courts were not considering the same issue, preclusion principles did not apply, and the injunction had been improper. *Id.* at 2379 ("A federal court and a state court apply different law. This means they decide distinct questions.").

We note that while the Puerto Rico Rule of Civil Procedure governing class certification is derived from Federal Rule 23, *see Rivera-Castillo v. Municipio de San Juan*, 130 D.P.R. 683, 691–92 (1992), the state-court decision denying class certification relied almost exclusively on decisions of the Puerto Rico Supreme Court. *See* Docket No. 59-1, at 26–35. Furthermore, while there is surely a great deal of overlap between the federal and Puerto Rico standards, there is at least one difference. *Rivera-Castillo*, 130 D.P.R. at 692 ("Our Civil Procedure

Rule 20 fully corresponds to Fed. R. Civ. P. 23, except for notice to class members."). AEE's motion fails to demonstrate that the state court applied the same standard that we, constrained by First Circuit precedent,[2] would. Thus, AEE's motion might fail on this ground.

### B. Applying the *Smith* analysis, there is not a perfect identity of parties between the state and federal cases.

Potentially more problematic for AEE is the Court's second reason for reversing the district court's injunction order: the named state plaintiff had not participated in the federal suit. As the Court noted, with limited exceptions a "court's judgment binds only the parties to a suit." *Smith*, 131 S. Ct. at 2379. The defendant in *Smith*, however, attempted to argue that because the state-court plaintiff had been an unnamed member of the putative federal class, certification as to which was denied, the

---

**2.** What we mean is this: while the Puerto Rico courts seem to regularly cite federal case law in support of their class certification opinions, they do so without observing, as we must, that different Circuits have different law on some points. In *Smith*, the Court noted that the federal district court had applied the Eight Circuit's certification analysis, and it was *this specific test* to which the Court compared West Virginia law. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2378 & n.8 (2011). Thus, to show that the state court applied the same test that we would apply, AEE would need to show that the state court's analysis matched that required by the First Circuit.

| SANTIAGO-RAMOS v. AEE | Page 7 |
|---|---|

state-court plaintiff had been a party to that federal suit. *See id.* Previously, the Court had referred to such an argument as "novel and surely erroneous," but had not reached it. *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002). In *Smith*, the Court did reach the argument and rejected it forcefully, holding that while "an unnamed member of a *certified* class" could be deemed a party under certain circumstances, this could not be the case where certification was denied. *Smith*, 131 S. Ct. 2379. This is because where certification was denied, the named plaintiffs are explicitly held *not* to represent the unnamed putative plaintiffs. *Id.* ("The definition of the term 'party' can on no account be stretched so far as to cover a person like [the state-court plaintiff], whom the [federal-court plaintiff] was denied leave to represent."). That is, where certification is denied *there is no class action*. *Id.* at 2380 ("If we know one thing about the [federal lawsuit], we know that it was *not* a class action."). Thus, preclusion was not available to the state-court defendant: "Neither a proposed class action nor a rejected class action may bind nonparties."[3] *Id.*

---

**3.** The Court made clear that this was true even if, for example, the state- and federal-court plaintiffs' interests were aligned. *See Smith*, 131 S. Ct. at 2380 (referring to certification as a "precondition for binding"

The import of this holding to AEE's motion is obvious.[4] We note, first of all, that AEE's motion for summary judgment makes no serious effort to prove that the plaintiffs here were even parties to the state-court proceedings. No complete list of parties to the state-court cases is provided in AEE's statement of uncontested material facts.[5] Instead, AEE makes only the general allegation that "even though individually, some putative class members may vary, the current Plaintiffs are standing in the exact same place that state court class Plaintiffs were standing in." Docket No. 59, at 17. We read this as an admission that the named plaintiffs are not actually the same

---

nonparties).

4. Here, of course, we are applying Puerto Rico preclusion law, while the *Smith* Court applied federal law, *see Smith*, 131 S. Ct. at 2376 n. 6 (noting that "federal common law governs the preclusive effect of a federal court sitting in diversity"). Nonetheless, *Smith*'s reasoning is extremely persuasive, and we see no reason why it would not also apply under Puerto Rico law, which, like federal law, places a strong emphasis on the "perfect identity of the parties." *Garcia-Monagas v. De Arellano*, 674 F.3d 45, 51 (1st Cir. 2012) (describing Puerto Rico law).

5. A partial list is included in one of AEE's exhibits: Carlos Pérez-Kolb, Eva Mayesa, Emilio Orria, Maria Ondina, Orlando Cardona, Guiseppe Pandolfi-De Rinaldis, Osvaldo Quiñones-Negron, Carlos Cruz, Ailene Pabon de González, Rolance Chavier-Roper, and Antonio Ortega-Ortega. *See* Docket No. 59-1, at 1–2.

between the two cases—in fact, the record does not show that *any* of the plaintiffs to this case were also plaintiffs before the state court.[6] Thus, for preclusion to apply, AEE would have to show that the plaintiffs here were in privity with the plaintiffs in the state-court case.[7] *Garcia-Monagas v. De Arellano*, 674 F.3d 45, 51 (1st Cir. 2012). This requirement is satisfied when "one party acts for or stands in the place of another in relation to a particular subject matter." *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 185–86 (1st Cir. 2006). But we see *Smith* as destroying any notion that there might be privity between plaintiffs named in the state-court case and those unnamed there. As *Smith* persuasively argues, where certification is denied, the named plaintiffs never actually represent those who are

---

6. Remarkably, Plaintiffs' opposition to AEE's motion for summary judgment fails to clearly point this out.

7. AEE makes both claim and issue preclusion arguments. A single Puerto Rico statute provides the source for both doctrines. *See R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 183 (1st Cir. 2006) (noting that a single statute, P.R. Laws Ann. tit. 33, § 3343, "encompasses both the doctrine of res judicata . . . and the doctrine of collateral estoppel"). This statute is also the source of the "perfect identity" and privity requirements, which courts have applied to both doctrines. *See, e.g., Garcia-Monagas*, 674 F.3d at 51 (claim preclusion); *Baez-Cruz v. Municipality of Comerio*, 140 F.3d 24, 29 (issue preclusion).

unnamed. The state-court plaintiffs cannot, therefore, be said to have acted for or stood in the place of the plaintiffs here. We do not see, then, how preclusion principles could apply.[8]

## II. Conclusion

As the summary judgment movant, AEE has the burden to show that there are no material facts in dispute here. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Likewise, as the party requesting preclusion, AEE must establish each element necessary to invoke that defense. *Puerto Ricans for P.R. Party v. Dalmau*, 544 F.3d 58, 70 (1st Cir. 2008). With regard to the *Smith* decision, we do not see how AEE's motion can be said to have met either of these burdens: it has not shown that the state court's certification decision applied the same standard as required by the First Circuit, and it has not shown that *any* of the plaintiffs in this case were also plaintiffs in the state-court cases. Accordingly, we recommend that the presiding district

---

[8]. AEE's argument focuses on the fact that the putative classes in the state and federal lawsuits are the same. Even if we agreed with this point, it would have no bearing on the preclusion question. As the Court noted in *Smith*, applying preclusion principles to advance the policy goal of limiting "serial relitigation of class certification" would "fl[y] in the face of the rule against nonparty preclusion." *Smith*, 131 S. Ct. at 2381 (internal quotations omitted).

judge, in addition to looking to our previous report and recommendation, Docket No. 90, and the parties' objections, also examine whether *Smith* applies to defeat AEE's motion. Likewise, we recommend that the parties address *Smith* as part of any objections to our report and recommendation that they may file. To this end, we grant a brief—and final—extension to the objections period.

Objections are now due February 3, 2014.

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 23rd day of January, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE